**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ERROL SCARLETT,<br><br>            Petitioner,<br><br>      v.<br><br>USDHS/BICE, et al.,<br><br>            Respondents. | Civil No. 06-1281 (FSH)<br><br>**O P I N I O N** |

**APPEARANCES:**

Errol Scarlett, Pro Se
A#35-899-292
Oneida Correctional Facility
6075 Jubb Road
Oriskany, NY 13424

Neil Rodgers Gallagher
Assistant United States Attorney
970 Broad Street
Suite 700
Newark, NJ 07102
Attorney for Respondents

**HOCHBERG**, District Judge

Petitioner Errol Scarlett, an alien currently confined at the Oneida Correctional Facility in Oriskany, New York,[1] submitted to this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] The respondents are the United

---

[1] Petitioner was confined at the Passaic County Jail, Paterson, New Jersey at the time he filed this petition.

[2] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the

States Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and the warden of the Passaic County Jail, Charles Meyers.

## BACKGROUND

Petitioner, a citizen of Jamaica, was admitted to the United States as a lawful permanent resident in 1976. In 1999, he was convicted in New York state for possession of cocaine and was sentenced to a term of incarceration. On May 28, 2002, Petitioner was paroled from New York state custody, and placed on supervision. On November 23, 2003, Petitioner was taken into immigration custody and served with a notice to appear. On February 5, 2004, Petitioner was found removable by an Immigration Judge ("IJ"). The Board of Immigration Appeals ("BIA") affirmed the removal order on July 12, 2004.

However, Petitioner then filed a habeas petition in the United States District Court, Eastern District of New York and his removal was stayed pending the outcome. On February 28, 2005, the District Court vacated the BIA decision and the matter was remanded to the IJ.

---

Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

On January 18, 2006, upon remand, the IJ found Petitioner removable as a criminal alien, and ineligible for cancellation of removal. The BIA affirmed the IJ's decision on May 9, 2006.

Petitioner filed this Petition alleging that his indefinite detention in lieu of removal violates his constitutional and statutory rights.

## DISCUSSION

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.	Analysis**[3]

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Detention is mandatory during the 90-day period.  See 8 U.S.C. § 1231(a)(2).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has

---

[3] Petitioner argues in his reply to the Respondents' answer that he is currently confined in New York, and that this Court no longer has jurisdiction over his habeas petition.  However, when a habeas petitioner "properly files a habeas petition in the district where he is incarcerated, and the petitioner is subsequently transferred to a facility outside of that district, the Attorney General of the United States may be deemed a 'custodian' to allow the original District Court to retain jurisdiction over the habeas petition."  Chavez-Rivas v. Olsen, 194 F. Supp.2d 368, 376 (D.N.J. 2002).  On the date that this case was filed, Petitioner was confined in New Jersey.  Thus, the District of New Jersey may retain jurisdiction over this matter.

passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Here, Petitioner was ordered removed after remand from the District Court on January 18, 2006.  The order of removal was affirmed by the BIA on May 9, 2006.  Petitioner's post-removal-order custody commenced on that date.  Thus, it is apparent that Petitioner's detention is within the 90-day mandatory detention period.  Therefore, Petitioner is not entitled to the relief requested.[4]

---

[4] Petitioner argues that he is being detained pursuant to 8 U.S.C. § 1226, which governs pre-removal-order detention.  That section states that the Attorney General is authorized to arrest and detain an alien pending a decision on whether the alien is to be removed.  In this case, Petitioner is currently being held post-removal order.  At the time he filed this petition on March 15, 2006, Petitioner's removal had been ordered by the IJ, but the BIA had not yet affirmed.  Petitioner's claims regarding his pre-removal-order detention are therefore moot at this point in proceedings, as Petitioner is now subject to a final order of removal.

**CONCLUSION**

    For the reasons set forth above, the Petition will be dismissed, without prejudice to Petitioner's bringing a new Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant.  An appropriate order follows.

                                                 /s/ Faith S. Hochberg  
                                                United States District Judge

Dated:  July 26, 2006